**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50024 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-01359-L-1 |
| v. | |
| JOSE ROSALES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Jose Rosales appeals from the district court's judgment and challenges the

60-month sentence imposed following his guilty-plea conviction for importation of

methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosales contends that the district court erred by denying his request for a minor-role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Rosales first argues that, because the district court was required to determine whether Rosales played a minor role in the instant offense, the court erred by relying on a 2010 conviction to deny the adjustment. We disagree. The district court acknowledged that the 2010 conviction had "nothing to do with" the instant offense, but permissibly considered this criminal history as one factor that counseled against a minor-role reduction. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("[B]ecause the factors set forth in [U.S.S.G. § 3B1.2 cmt. n.3(C)] are non-exhaustive, a district court may also consider other reasons for granting or denying a minor role reduction."). The record also does not support Rosales's assertion that the court mischaracterized the 2010 offense.

Rosales next contends that the district court erred by adopting the government's argument that Rosales had provided insufficient information to warrant the minor-role adjustment. He contends that the government's rationale was inconsistent with the court's grant of safety-valve relief, which required it to find that Rosales provided all of the information he had about the offense. He also

argues that, because probation's recommendation against a minor-role reduction pre-dated his safety-valve debrief, the court erred by relying on it. These arguments fail because the record reflects that, while the court considered the recommendations of the government and probation—along with Rosales's arguments in favor of the reduction—it ultimately relied on its own analysis of the minor-role factors and the record to deny the adjustment. *See United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018) (although the district court did not "tick off" the minor-role factors, the record showed that it considered them because "[t]he factors were thoroughly enumerated in the defendant's sentencing memorandum, and defense counsel pressed its points in argument to the court"). Given the totality of the circumstances, the court did not abuse its discretion by concluding that Rosales was not entitled to a minor-role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Diaz*, 884 F.3d at 914.

In light of this disposition, we do not reach Rosales's argument regarding consideration of his medical issues on remand.

**AFFIRMED.**